No.  90-621

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JOHN W. ROBIDOU,

> Plaintiff and Appellant,

-vs-

JOE HEIMER,

> Defendant and Respondent.

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:

> Larry Jent; Williams, Jent & Dockins, Bozeman,
Montana.

> For Respondent:

> Tara DePuy; DePuy Law Firm, Livingston, Montana.

FILED

AUG 20 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs:  June 28, 1991

Decided:  August 20, 1991

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

John W. Robidou appeals the order of the District Court for the Sixth Judicial District, Park County, confirming an arbitration award and denying Robidou's motion to vacate.

The issue is whether the District Court erred in confirming an arbitration award.

Joe Heimer sold Robidou his outfitting and guiding business. The parties signed a written contract for the sale. When a dispute arose between Heimer and Robidou concerning conveyance of certain aspects of the business, by mutual action the parties submitted to arbitration. Heimer filed a motion to confirm the arbitration award with the District Court. In confirming the arbitration award the District Court stated:

> Robidou not only participated in arbitration proceedings to resolve [the dispute], but instigated such action. Neither party had an attorney at the original arbitration hearing, but both thereafter obtained one, another arbitration session was scheduled at the request of Robidou's attorney to hear testimony of [the attorney who prepared the written contract] but Robidou's lawyer did not follow through, so the arbitrator affirmed the award. Robidou later complained the entire arbitration process was improper and the arbitrator not impartial, even though all [the arbitrator] in essence ordered was that the parties should fulfill their obligations under the contract.

On appeal, Robidou maintains that the arbitration agreement was invalid, that the arbitrator exceeded his powers and that the arbitrator had no jurisdiction to make an award.

As pointed out by the District Court, Robidou agreed to arbitration; agreed to the specific arbitrator; and participated in the arbitration without raising any objection. Robidou objected

2

to the arbitration only after the award was made.

We affirm the District Court's conclusion that it found no basis for invalidating the award.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices